## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| *PAULINE J. CORRIVEAU,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 04-224-B-W* |
| | ) | |
| *JO ANNE B. BARNHART,* | ) | |
| | ) | |
| *Commissioner* | ) | |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge, in evaluating her claim for a closed period of benefits, improperly failed to take into account her mental limitations, failed to find that her back condition was a severe impairment and rejected the residual functional capacity assigned to her by a consulting physician. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from obesity and an affective disorder, impairments that were severe during the period from September 1, 2000 to June 1, 2003, but which did not meet or equal the criteria of an impairments included in Appendix 1 to Subpart P, 40 C.F.R.

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on August 5, 2005, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

Part 404 (the "Listings"), Finding 3, Record at 18; that the plaintiff's statements concerning her impairments and their impact on her ability to work at the relevant time were not entirely credible, Finding 4, *id*.; that during the relevant period the plaintiff had the residual functional capacity to perform the exertional demands of a full range of light work, diminished by nonexertional limitations that made it impossible for her to do more than one- or two-step tasks, or to do work which involved more than occasional judgment, decision making, changes in routine, or interaction with coworkers or supervisors, Finding 5, *id*. at 18-19; that the plaintiff's past relevant work as an employee in a shoe factory did not require the performance of work functions precluded by her medically determinable impairments, Finding 6, *id*. at 19;  and that the plaintiff therefore was not under a disability, as defined in the Social Security Act, at any time during the relevant period, Finding 7, *id*. The Appeals Council declined to review the decision, *id*. at 7-9, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971);  *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work.  20 C.F.R. § 404.1520(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step the commissioner must make findings of the plaintiff's residual functional capacity and the physical and mental demands of past work and determine whether the plaintiff's residual functional capacity would permit

2

performance of that work.  20 C.F.R. § 404.1520(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62") at 813.

The plaintiff's statement of issues also implicates Step 2 of the sequential process.  Although a plaintiff bears the burden of proof at this step, it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir. 1986).  When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id*. at 1124 (quoting Social Security Ruling 85-28).

### Discussion

### A.  Back Pain

The plaintiff contends that the administrative law judge was required to find that her back condition was severe.  Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 5). She relies solely on the report of Kenneth Senter, M.D., who examined her once on November 6, 2002 and found that the range of motion in her thoracolumbar spine was flexion 50; extension 50; lateral bending 75, right and left; and rotation 100, right and left, all expressed as percent of normal. Record at 339, 342.  She characterizes these findings as "major limitations in the range of motion of her thoracolumbar spine."  Itemized Statement at 9.  Building on this conclusion, she argues that "[t]his finding should have led the ALJ to determine that this was a 'severe' impairment, as it was just as likely a result of her extreme obesity."  *Id*.  Dr. Senter did diagnose "[c]hronic back pain[, e]tiology unknown," and conclude that "[p[rolonged sitting, standing, and walking are uncomfortable because of her back pain."  Record at 342-43.  He also concluded that lifting and carrying should be limited to 10

3

pounds due to "back pain and right shoulder and arm pain."  *Id*. at 343.  However, concluding that a medical condition was severe from the range-of-motion findings of a physician, which ranged in the same category (thoracolumbar spine) from 50 to 100%, requires the exercise of medical judgment.  It is not the sort of conclusion that an administrative law judge, and certainly not a reviewing federal judge, may permissibly draw from that raw medical evidence.    The state-agency physician who reviewed these findings by Dr. Senter, *id*. at 353, 357, concluded that "there is no M[edically] D[eterminable] I[mpairment] that would limit l[ifting] & c[arrying] to 10 lbs.," *id*. at 357, and that the plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, as well as sit or stand, with normal breaks, for six hours in an eight-hour workday, *id*. at 352.  This is the only medical review in the record of the raw medical data on which the plaintiff relies. The burden of proof is on the plaintiff at Step 2.

The plaintiff does support her argument with the assertion that "[t]he existence and severity of the back pain . . . was corroborated by Drs. Bergeron, Cyr and Pavlak."  Itemized Statement at 10. The record created by Michael Bergeron, M.D., that is cited by the plaintiff is a form on which Dr. Bergeron listed "[b]ack pain — chronic — exacerbated by prolonged sitting/standing" as the medical finding supporting his opinion that standing and walking were affected by an impairment, although he did not indicate in the space provided how many hours in an 8-hour workday the plaintiff could sit or stand.  Record at 382.  In any event, the form is dated September 4, 2003, *id*. at 384,  which is well after June 1, 2003, the end of the closed period for which the plaintiff seeks benefits.  Michael K. Cyr is a chiropractor, *id*. at 376, and accordingly not an acceptable medical source to provide evidence of the existence of an impairment, 20 C.F.R. § 404.1513(a).[2]  Douglas M. Pavlak, M.D., a specialist who saw the plaintiff once on referral, within the closed period, found that "[r]ange of motion of the lumbar

---

[2] A chiropractor may serve as a medical source of evidence about the severity of an impairment and its effect on the claimant's ability
(*continued on next page*)

spine was limited" and that "she clearly appears to have some low back pain and sciatic [sic] but has no localizing neurologic signs or symptoms. . . . [A]t her age it would not be unusual for her to have sciatica on the basis of degenerative disease." *Id*. at 380-81.  He suggested that she return to Dr. Cyr for three to six weeks and return for further work-up if that did not provide any improvement.  *Id*. at 381.  His report does not include any medical evidence that would allow, let alone require, the administrative law judge to conclude that the back pain was a severe impairment.[3]

The administrative law judge noted the lack of medical records for the period from September 2000 to April 2001, with one medical visit with a complaint of bronchitis; followed by a medical visit in July 2001 in connection with a past history of cancer; followed by a medical visit in April 2002 to obtain STD testing; followed by a medical visit in September 2002 for foot pain.  Record at 16-17.  The administrative law judge found both the gaps in treatment and the nature of the medical treatment sought significant in determining what severe impairments existed during the closed period.  He was entitled to rely on the state-agency physician's review of the specific medical evidence on which the plaintiff relies.  The plaintiff has not established the existence of an error at Step 2.

## B.  Limitation on Lifting and Carrying

As a separate error, the plaintiff contends that the administrative law judge erred in rejecting Dr. Senter's 10-pound lifting and carrying limitation.  Itemized Statement at 7.  She asserts that the opinion of the state-agency physician-reviewer "is entitled to very little weight and, as such, does not rise to the level of substantial evidence."  *Id*. at 8.  Administrative law judges are required to consider the opinions of state-agency physician-reviewers, 20 C.F.R. § 404.1527(f)(2), and they may rely on

---

to work, 20 C.F.R § 404.1513(d)(1), but not as a source of evidence about the existence of the impairment.

[3] At oral argument, counsel for the plaintiff referred repeatedly to the plaintiff's testimony with respect to back pain and the records of her reports of such pain to medical care providers.  At Step 2, only medical evidence of severity may be considered.  Social Security Ruling 85-28, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 394 ("At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work (*continued on next page*)

those opinions when they are inconsistent with the opinions of a consulting physician who saw the claimant only once, as is the case with Dr. Senter here, *see Rose v. Shalala*, 34 F.3d 13, 18 (1st Cir. 1994) ("[T]he amount of weight that can properly be given the conclusions of non-testifying, non-examining physicians will vary with the circumstances, including the nature of the illness and the information provided the expert."); *Berrios Lopez v. Secretary of Health & Human Servs.*, 951 F.2d 427, 431 (1st Cir. 1991).  As one of the two Social Security Rulings cited by the plaintiff, Itemized Statement at 8, provides: "[T]he opinions of physicians . . . who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources."  Social Security Ruling 96-6p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004-2005) ("SSR 96-6p") at 130.

Dr. Senter's 10-pound limitation is based on "back pain and right shoulder and arm pain." Record at 343.  His findings as to range of motion in the shoulders and arms range between 90 and 100% with motor strength at 5 out of 5 for both arms and the left shoulder and 4 out of 5 for the right shoulder.  *Id*. at 342.  There is both a lack of medical evidence to support the role of any shoulder and arm pain in creating an exertional impairment and a failure to specify whether the 10-pound limitation is for frequent or occasional lifting and carrying.  The administrative law judge stated that he adopted the conclusion of the state-agency reviewer in this case because "the evidence fails to show that [the plaintiff] has any medically determinable impairment which would limit [her] to that degree" specified by Dr. Senter.  *Id*. at 17.  He concluded that Dr. Senter's assessment of the plaintiff's functional limitations was "apparently based largely on her statements, which, for the various reasons discussed

---

activities.").

6

above, are not found to be particularly credible." *Id*. at 18.[4]  This conclusion, as presented by the administrative law judge, is sufficiently compliant with SSR 96-9p and SSR 96-8p, the other Ruling cited by the plaintiff.[5]  The plaintiff's speculation about different handwriting on the form signed by the state-agency reviewer, Itemized Statement at 9, cannot provide the basis for remand.

### C.  Mental Impairment

The plaintiff contends that the administrative law judge failed to include in his questions to the vocational expert at the hearing and in his findings the limitations found in the body of his opinion due to her mental impairment.  Itemized Statement at 6-7.  The administrative law judge found that the plaintiff suffered from an affective disorder.  Finding 3, Record at 18.  He also found that

> the claimant's affective disorder mildly restricts her activities of daily living; causes moderate difficulties in her ability to maintain social functioning; and results in moderate difficulties in her ability to maintain concentration, persistence or pace.

*Id*. at 15.  The plaintiff's allegation of error is based only on the finding concerning concentration, persistence or pace.  Itemized Statement at 7.

The administrative law judge asked the vocational expert about the plaintiff's past relevant work as a shoe laborer, Record at 101-03, specifically asking about contact with co-workers and supervisors, decision-making, use of judgment and changes in the work setting, *id*. at 102-03. Significantly, he also stated that "I've done those jobs too." *Id*. at 102.  In the body of his opinion, the administrative law judge found that the plaintiff's capacity for light work was diminished by

> non-exertional limitations that made it impossible for her to do more than one- or two-step tasks; or do work which involved more than occasional

---

[4] The plaintiff does not challenge the administrative law judge's assessment of her credibility.

[5] The specific language from SSR 96-8p quoted by the plaintiff, Itemized Statement at 8, actually describes what the administrative law judge's assessment of residual functional capacity must include, not what must be included in a state-agency reviewer's assessment of residual functional capacity.  Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004-2005) at 149.

> judgment, decision making, changes in routing, or interaction with coworkers
> or supervisors.

*Id*. at 18.  With the exception of the first limitation mentioned, these limitations are essentially those included in the administrative law judge's questions to the vocational expert.  An inability to do more than one- or two-step tasks can only be related to difficulties in maintaining concentration, persistence or pace.  The plaintiff takes the position that a moderate limitation in this area is incompatible with ability to complete simple tasks, citing section 12.00(C)(3) of the Listings.  Itemized Statement at 7 n.7.  However, that section of the Listings merely provides that the commissioner may find a claimant to have marked limitations in maintaining concentration, persistence or pace even when the claimant is capable of performing "many simple tasks."  It cannot be read to require the administrative law judge to find that a moderate limitation in this specific area of mental limitations, a degree of limitation less than marked, Listing 12.00(C), renders the claimant disabled or incapable of one- or two-step tasks.  That section of the regulations merely provides that a claimant may be found to have marked limitations in this area even if he or she is capable of completing many simple tasks.  Therefore, such claimants may also be found not to have marked limitations.

The case law supports a conclusion that a moderate limitation in maintaining concentration, persistence or pace is compatible with a limit to one- or two-step tasks.  *E.g., Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001); *Baranich v. Barnhart*, 128 Fed.Appx 481, 486 (6th Cir. 2005); *Williams v. Apfel*, 2000 WL 274199, 67 Soc.Sec.Rep.Serv. 240 (N.D. Cal. Feb. 28, 2000), at *6.  This appears to me to be the more reasonable interpretation of a moderate limitation in the sphere of concentration, persistence and pace.

## Conclusion

For the foregoing reasons,  I recommend that the commissioner's decision be **AFFIRMED.**

8

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 9th day of August, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge